## In re MOBILE CHAIR MFG. CO.

### (District Court, S. D. Alabama. September 24, 1917.)

1. BANKRUPTCY ☞324—PROCEEDINGS—CLAIMS—"PRESENT CONSIDERATION."

Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564, as amended by Act June 25, 1910, c. 412, § 12, 36 Stat. 842 (Comp. St. 1916, § 9651), declares that liens given or accepted in good faith, and not in contemplation of, or in fraud upon, the act, and for a present consideration, which have been recorded according to law, shall to the extent of such present consideration only not be affected by the act. The amendment added the phrase "to the extent of such present consideration only." *Held* that, where a note given by the bankrupt reserved interest, the interest was part of the "present consideration," and might be recovered.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Present Consideration.]

2. BANKRUPTCY ☞322—PROCEEDINGS—CLAIMS.

Under such section as amended, fees paid by the holder of a note to his attorney cannot be recovered, notwithstanding the note contained an agreement on the part of the borrower, which became bankrupt, to pay all costs of collecting or securing, or attempting to secure, the note, including a reasonable attorney's fee; the note itself not fixing the fee.

In Bankruptcy. In the matter of the bankruptcy of the Mobile Chair Manufacturing Company. Petition by C. M. Kirk, H. L. McConnell, and H. S. Davies for review of an order of the referee denying the payment of interest and attorney's fees claimed by petitioner. Order of referee reversed in part; otherwise, affirmed.

Stevens, McCorvey & McLeod, of Mobile, Ala., for petitioner.
H. H. McClelland, of Mobile, Ala., for trustee.

ERVIN, District Judge. This matter comes on for hearing on a petition praying for a review of the order of the referee heretofore rendered, wherein the referee denied the payment of interest and attorney's fees claimed by petitioner.

The facts, stated briefly, are that on June 27, 1916, the Mobile Chair Manufacturing Company, the bankrupt, executed a mortgage on certain personal property to petitioner, to secure $1,500 then loaned by petitioner to the bankrupt; a list of the property being attached to and made a part of the mortgage. The note, which was given to evidence the debt and for the payment of which the mortgage is security, bore the same date, and is payable 30 days after date with interest. The agreement as to attorney's fees contained in the note is shown by the following words:

"Agree to pay all costs of collecting or securing, or attempting to collect or secure, this note, including a reasonable attorney's fee, whether the same be collected or secured by suit or otherwise."

Kirk-McConnell-Davies Company, the petitioner, is a partnership composed of C. M. Kirk, H. L. McConnell, and H. S. Davies. The petition for adjudication was filed on the 4th day of August, 1916, and the adjudication was entered on August 5, 1916, and on the 5th day of August, 1916, H. L. McConnell, who was one of the partners in the

firm of Kirk-McConnell-Davies Company was appointed receiver of said bankrupt estate.

On August 8, 1916, the receiver filed a petition, setting out the loan of the $1,500 and the making of the mortgage and note by the bankrupt, and that prior to the filing of the petition in bankruptcy the mortgagees had had all of the property covered by the mortgage piled together in a separate lot and delivered to it by the bankrupt; that a portion of the property covered by the mortgage is not yet in a completed condition, and not ready to be shipped out to fill orders which had been received therefor; that the necessary material and necessary work for completing said chairs can be had for a few hundred dollars, and that the bankrupt had on hand this material, which might be used in the completion of the chairs, so as to render them salable, and that it would be to the interest of the bankrupt estate that the receiver be authorized to proceed to complete the manufacture of the chairs covered by said mortgage; and prayed that he be authorized to borrow such money as may be necessary for labor and to purchase such necessary supplies as might be needed in the completion of the chairs, so as to sell them, and praying further, that a separate account be kept of the cost of completion of such chairs as were covered by the said mortgage. This petition has attached to it a copy of the mortgage and schedules.

On the same day an order was made by the then referee granting the prayer of said petition. Thereafter the receiver completed the manufacture of the chairs, using some materials not covered by the mortgage, as well as the mortgaged materials, borrowing money and paying for the labor necessarily used in completing the chairs, and then sold the chairs on existing contracts then held by the bankrupt concern, and collected for said chairs, and, after paying for the materials and labor, had left more than enough to pay the mortgage, interest, and attorney's fees claimed. Thereafter a petition was filed in the bankrupt estate by the mortgagees, praying for the payment of their debt, interest, and attorney's fees.

[1] The referee, on July 9, 1917, ordered the payment of the $1,500 principal, but denied payment of the interest on this mortgage and the attorney's fee claimed. The referee bases his ruling on the language of section 67d as amended, which reads as follows:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, *to the extent of such present consideration only*, not be affected by this act."

The words italicized were added by the amendment of June 25, 1910. I find no authorities discussing this question. It will be noticed that the act, as originally drawn, preserved liens given in good faith and for a present consideration. The words added by amendment must have been designed by Congress for some purpose. Congress certainly concluded that the words "for a present consideration," as found in the original act, needed some further limitation; so the words added in 1910 were undoubtedly put into the act to further limit

the protection given by the act to liens given in good faith. It was, no doubt, found that liens, which were given for a present consideration, had also other considerations moving, and Congress intended to limit the protection given these liens to the present consideration given for such lien.

The question then arises whether the interest which the present cash consideration bears is the same as the consideration itself. I think that, in a lien given to secure $1,500 presently advanced, with interest, the interest is a necessary part of the advance. It is produced by or grows out of the money advanced. It is contracted for and absolutely payable by the terms of the lien. Suppose the mortgagor, 10 days after the making of this mortgage loan, had gone to the mortgagee and tendered the $1,500 in payment of the mortgage. This would not have required the mortgagee to take the money and surrender his mortgage. He might have properly replied:

"Your mortgage obligates you to pay, not only the principal, but the interest for 30 days, and, while I will take the money now, instead of at the end of 30 days, you still must pay me, in all events, both principal and interest."

To this extent, therefore, I think the referee erred.

[2] As to the attorney's fee, however, under the terms of this mortgage loan, an attorney may or may not have been employed. There may or may not have arisen a necessity *after* the execution of the mortgage for the employment of an attorney. This necessity could not be determined until the mortgage matured. Such employment, therefore, was contingent, and not absolutely fixed and determined by the mortgage. I cannot, therefore, see that the attorney's fee is in any sense a *present* consideration, as provided by the amendment to the section. Congress having been so particular, not only to use "to the extent of such present consideration," but then added the additional term "only," to show beyond any peradventure that the words were put in as a strict limitation, and as such should be so construed. I therefore conclude that this lien did not secure the attorney's fee.

I think the referee was correct in disallowing the attorney's fee for another reason. The language of the note obligates the maker to pay the costs of *collecting,* including the attorney's fee. The collection from the bankrupt trustee is not such a collection as was contemplated by the terms of this note. It is true there are a number of cases which hold that, where a note agrees to pay a collection fee if it is placed in the hands of an attorney for collection, this fixes the fee, so that it is added to the face of the note. Here, however, the language does not so read, and I think the language of this note brings petitioner under the cases of In re Roche, 101 Fed. 956, 42 C. C. A. 115, and Gugel et al. v. New Orleans National Bank, 239 Fed. 677, 152 C. C. A. 510.