## In re MURCOTT STEEL PRODUCTS CO., Inc.

### Petition of KARSH.

(Circuit Court of Appeals, Second Circuit. November 5, 1923.)

### No. 13.

1. **Bankruptcy ⬦322—Chattel mortgagee held entitled only to money advanced, and not to agreed bonus.**

   Where chattel mortgagee had full knowledge that corporation was unable to meet its indebtedness when he advanced $1,200 to it, under mortgage covering $300 additional as a bonus, the court properly allowed mortgagee $1,200, and interest only, in view of Bankruptcy Act, § 67d, being Comp. St. § 9651 (d), relating to liens in good faith for a "present consideration."

2. **Chattel mortgages ⬦115—Mortgage held not to entitle mortgagee to counsel fees.**

   A chattel mortgage providing that, in the event of default and sale, the mortgagee might retain interest and "all charges touching the same and the keeping and sale thereof," did not entitle the mortgagee to counsel fees.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the estate of the Murcott Steel Products Company, Inc., bankrupt. Petition by Charles Karsh, mortgagee, to revise an order confirming in part the report of a special commissioner, which found a chattel mortgage valid in part, and denied an allowance of counsel fees. Order affirmed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Maurice Lefkort, of New York City, for appellant.

Murphy & Fultz, of New York City (Frederick W. Murphy, of New York City, of counsel), for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The Murcott Steel Products Company, Inc., was adjudicated a bankrupt on May 3, 1922, on a petition filed April 3, 1922. On March 16, 1922, the corporation executed to the petitioner a chattel mortgage of $1,500, covering personal property to secure a loan made to the corporation. At that time but $1,200 was advanced, and $300 was exacted as a bonus for making the loan. An application was made by the mortgagee to sell the property, which was denied, but an order was entered directing the trustee to sell it, and upon such sale there was realized the sum of $3,400.

To the application of the petitioner for leave to take possession of the mortgaged property, an answer was filed denying the validity of the mortgage, and the issues thus raised were referred to a special commissioner. He found the mortgage valid to the extent of $1,200 and reported that this sum be paid to the mortgagee, disallowing a claim for interest and for counsel fees which were claimed under the terms of the mortgage. The District Court modified the report, allowing interest on the mortgage, and as so modified, confirmed the report of the special master. It is conceded that but $1,200 was advanced at the time of the execution of the mortgage. The mortgage contained the following provision:

"And out of the moneys arising therefrom [the sale] to retain and pay to the party of the second part the said moneys above mentioned, with interest and all charges touching the same and the keeping and sale thereof, rendering the overplus, if any, unto it or its executors, administrators, successors, and assigns."

It is under this provision that the mortgagee makes claim to an allowance for counsel fees. Respondent does not contest here, as he did below, the validity of the mortgage to the extent of $1,200, and the question presented here is whether the mortgagee is entitled to the $1,500 recited as due and owing in the mortgage or the $1,200 as awarded below. That question is answered by determining what is intended by section 67d of the Bankruptcy Act (Comp. St. § 9651), which provides:

"Liens given or accepted in good faith, and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

[1] The mortgagee testified that he loaned but $1,200 and that he expected to be paid $1,500. The mortgagee had full knowledge of the fact that the corporation was unable to meet its indebtedness. A defense of usury was not available under the state laws, since the borrower was a corporation. We think the "present consideration," as used in the above quotation from the Bankruptcy Act, preserved liens given in good faith and for the moneys actually paid. The $1,200 paid,

together with the interest up to the time of the adjudication in bankruptcy, constituted the actual consideration advanced, or, as phrased in the statute, "the extent of such present consideration only" which it was the intention of Congress to permit a lien to be valid for.

[2] The promise of the mortgage to pay the interest, with "all charges touching the same and the keeping and sale thereof," does not justify a construction that the mortgagee was entitled to counsel fees as one of the charges for which he is to be reimbursed in the event of default in the mortgage. In re Mobile Chair Mfg. Co. (D. C.) 245 Fed. 211.

Order affirmed.

HOUGH, Circuit Judge, heard the argument and concurred in the conclusion reached, but has not seen the opinion as prepared, because of necessary absence.