## NEWGASS v. SHULHOF.

(Supreme Court, Appellate Term. April 8, 1911.)

**1. BILLS AND NOTES (§ 64\*)—REQUISITES—DELIVERY—CONDITIONS.**

A note may be delivered to a party to whom upon its face it is payable, or to one who is entitled to some interest or benefit under him, on condition, and the effect of the delivery and the operation of the note may be limited by such condition.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 104; Dec. Dig. § 64.\*]

**2. EVIDENCE (§ 444\*)—PAROL EVIDENCE—CONDITIONS PRECEDENT TO OBLIGATION IN WRITING.**

When a note is delivered on condition that it shall not be valid unless the maker receives a certain sum due him, and the maker also relies on the party's promise to return the note if the maker does not receive such sum, parol evidence is admissible to show that such condition is precedent to the validity of the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. § 444.\*]

Appeal from City Court of New York, Trial Term.

Action by Edward Newgass against Otto B. Shulhof. From a judgment of the City Court of the City of New York, entered upon the direction of a verdict for the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I. Gainsburg, for appellant.

Max D. Steuer (Gerald B. Rosenheim, of counsel), for respondent.

PAGE, J.   This is an action upon a promissory note for $1,250, wherein the defendant promised to pay to the order of the plaintiff $1,250.   Plaintiff introduced the note in evidence, and, upon the admission of nonpayment, rested.   It was shown on behalf of the defendant that at the time the note was given he did not owe plaintiff anything and that he had no business dealings with him.   Owing to the sustaining of objections to questions, the entire circumstances surrounding the giving of this note were not allowed to be proved.   So far as appears from the evidence, the plaintiff was a bondholder to the extent of $2,500 in A. Hertzberg & Co.   The defendant was liable as an indorser upon the notes of A. Hertzberg & Co. to the extent of $12,500.   A. Hertzberg & Co. filed a petition in bankruptcy, and a settlement was made with the creditors of 20 cents on the dollar.   One Louis Haas advanced to A. Hertzberg & Co. the $14,000 necessary to make this payment.   There was some understanding that the moneys which were realized from a disposition of its surplus assets, to the extent of $6,844.11 (the balance remaining due to the defendant on account of his indorsements), should be turned over to the defendant. The plaintiff, learning of this arrangement, threatened to "smash the whole thing" unless he was paid the sum of $1,250.   Defendant promised to pay to plaintiff $1,250, if he received the $6,844.11 out of the transaction.   The plaintiff thereupon demanded a note for that amount. The defendant was not allowed to testify to conversations that were had between himself and the plaintiff with relation to the note prior to and at the time of the delivery thereof, nor was the witness Lefcourt allowed to testify to the conversations between the parties hereto that were had in his presence at the said times, and for this reason the defendant was not allowed to show the consideration for the giving of the note.   Exceptions were duly taken by the defendant.

[1]  The note was in the hands of the original parties.   In Benton v. Martin, 52 N. Y. 570, 574, it was held:

"Instruments not under seal may be delivered to the one to whom upon their face they are made payable, or who, by their terms, is entitled to some interest or benefit under them, upon conditions, the observance of which is essential to their validity, and the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable, as between the parties to it, or others having notice.   It needs delivery to make the obligation operative at all, and the effect of the delivery and the extent of the operation of the instrument may be limited by the conditions with which the delivery is made.   And so, also, as between the original parties, and others having notice, the want of consideration may be shown."

See, also, Higgins v. Ridgway, 153 N. Y. 130, 133, 47 N. E. 32; Jamestown Business College Ass'n v. Allen, 172 N. Y. 291, 302, 64 N. E. 952, 92 Am. St. Rep. 740; Megowan v. Peterson, 173 N. Y. 1, 5, 65 N. E. 738; Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985.

[2]  If, therefore, as the admitted evidence foreshadows, the note was delivered upon condition that it should not become effective unless the defendant received the $6,844.11 due him, and also relying upon

plaintiff's promise to return the note if the defendant did not receive said sum, parol evidence was competent to prove the making of such a concurrent promise and condition precedent upon the defense that there was no consideration for the note, and the learned trial judge erred in excluding the evidence.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.