HEATING AND PLUMBING FINANCE CORPORATION, Plaintiff, *v.* 4274 THIRD AVENUE CORPORATION and Others, Defendants.

City Court of New York, New York County, July 29, 1932.

*J. Hibberd Taylor,* for the plaintiff.

*Teitelbaum & Jay,* for the defendants.

RYAN, J. Motion for summary judgment. The question involved is to determine whether or not plaintiff is entitled to attorney's fee in accordance with the provisions contained in a promissory note of which the following is a copy: " $6,900. No. 18597, Date Nov. 7, 1928, For value received, I promise to pay to the order of Brooklyn & Queens Heating Co., Inc., Sixty-nine hundred 00/100 dollars in 36 equal consecutive monthly instalments beginning one month after date hereof, at the office of the Heating and Plumbing Finance Corporation, 40 West 40th St. N. Y. C.

" Upon non-payment of any instalment when due, all remaining instalments shall immediately become due and payable. And, if allowed by law, upon non-payment of this note at maturity, 15% of the amount due shall be added if placed in the hands of an attorney for collection.

" Signatures of :
" 14 WEST 83RD ST. N. Y. C.
" 4274 THIRD AVE. CORP.
" YOLANDE KUTSUKIAN (*Pres.*)
" JAMES KUTSUKIAN
" FLORENCE KUTSUKIAN
" YOLANDE KUTSUKIAN "

Default was made in the payment of the March, 1931, installment and the note placed in the hands of an attorney for collection. This action was commenced the following May.

I have examined a number of cases involving the question here presented and am constrained to hold in view of the facts disclosed

in the motion papers, that the words " if allowed by law," as contained in the note, must be construed to mean if not prohibited by law and not in the limited meaning of a statutory enactment.

While a number of States expressly prohibit the recovery of attorney's fees there is no such statutory provision in this State. On the contrary, our Negotiable Instruments Law provides in section 21 that " the sum payable is a sum certain within the meaning of this chapter, although it is to be paid [Subd. 5] with costs of collection for an attorney's fee in case payment shall not be made at maturity," thus by implication at least placing the stamp of approval on such a provision.

The motion is, therefore, granted and summary judgment awarded plaintiff in the sum of $373.71. Execution stayed five days after service of a copy of this order with notice of entry.