MALONEY ET AL. *v.* HOME BANK AND TRUST COMPANY.

[No. 15,455. Filed May 4, 1937.]

*Sheehan & Lyddick,* for appellants.

*Call & Call,* for appellees.

LAYMON, J.—This is an appeal from a judgment foreclosing a trust deed adjudged to be a mortgage, in which judgment the court found and decreed, among other things, that said mortgage secured the payment of $28,888 plus $2,000 attorney fees; that there was due and owing to appellees the said sums; and that said mortgage be foreclosed and the real estate therein described sold and the proceeds from the sale applied in the payment thereof. The cause was submitted to the court upon the second paragraph of complaint, to which appellants filed an answer in general denial and a second paragraph of payment. Appellants filed their motion for a new trial, which was overruled, and perfected this appeal. The only error assigned and presented is the ruling of the court on appellants' motion for a new trial. The causes therein set out are substantially: That the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; and that the assessment of the amount of recovery is erroneous, being too large.

The only question presented by appellants in this appeal is the allowance of attorney fees of $2,000.

The trust deed sought to be foreclosed in this action was given to secure the payment of a series of bonds. The bonds contain no provision for attorney fees. The only provision relative to attorney fees is contained in the mortgage or trust deed, which provision is as follows:

"And in case of foreclosure of this Trust Deed, in any court of law or equity, a reasonable sum shall be allowed for the solicitors' and stenographers' fees of the complainant in such proceeding,

and also all outlays for documentary evidence and the cost of a complete abstract of title to said premises, and for an examination of title for the purpose of such foreclosure; and in case of any other suit, or legal proceeding, wherein the said party of the second part, or the holder or holders of said bonds, shall be made a party thereto by reason of this deed, the reasonable fees and charges of the attorneys or solicitors of the party of the second part and of the legal holder or holders of said bonds, or of any of them, so made parties, for services in such suit or proceeding, shall be a further lien and charge upon the said premises, under this deed; and all such attorneys', solicitors' and stenographers' fees and other charges shall become so much additional indebtedness secured by this Trust Deed, and be paid out of the proceeds of the sale of said premises, or from rents, as other costs, if not paid by said party of the first part.

"And out of the proceeds of any sale, under foreclosure of this Trust Deed, shall be paid: First— All the costs of such suit or suits, advertising, sale and conveyance, including attorneys', solicitors', stenographers', trustees' fees, outlays for documentary evidence and cost of said abstract and examination of title."

Appellants contend that this provision does not authorize the allowance of reasonable attorney fees, except in case of foreclosure, and is, therefore, null and void under the statute, because it is not an unconditional agreement to pay attorney fees, citing in support thereof Section 19-1918 Burns 1933, §13015.15 Baldwin's 1934. Said section reads as follows:

"Any and all agreements to pay attorney fees, depending upon any condition therein set forth, and made part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby declared illegal and void: Provided, That nothing in this section shall be construed as applying to contracts made previous to the taking effect of this act."

It is clearly obvious that the instrument involved in this action is not a bill of exchange, acceptance, draft, or

promissory note. Therefore, to make the above section of the statute applicable, we would be compelled to hold that the instrument was in effect a *written evidence of indebtedness.* The instrument sued upon was a mortgage given to secure the payment of certain indebtedness which appellants had obligated themselves to pay. There was no provision in the mortgage evidencing any of this original indebtedness, and,. therefore, the instrument cannot be considered as written evidence of the indebtedness. The bonds themselves were the written evidence of indebtedness, and the mortgage was to secure the payment of these bonds. The provision in the mortgage providing for attorney fees cannot be considered as written evidence of an existing debt, but is only an obligation creating a subsequent liability on the mortgagors for services performed in the collection of the original indebtedness. Therefore, we hold that the above section of the statute is not applicable to the provisions in the instrument here involved.

Appellants further contend that there is no evidence or proof that the appellees became responsible for attorney fees; that there is no evidence or proof that the appellees expended any money therefor or that the same have been paid; that there is no evidence or proof that liability therefor to the appellees has been incurred as contemplated under said provision; and that the evidence is wholly insufficient to authorize an allowance of $2,000.

It appears on the face of the record that the appellees had employed counsel. The record shows that the appellees (plaintiffs below), by Call & Call, their attorneys, filed the complaint, and it is signed by "Call & Call, Attorney for Plaintiffs."

Witness Call testified "that this action was filed to foreclose said mortgage on September 26th, 1930, in the Lake Superior Court, Room Four; that thereafter an

affidavit for change of venue was filed and the action was sent on a change of venue to the Circuit Court of Porter County, Indiana; that thereafter and on September 14th, 1932, upon a trial had, a decree was rendered here [Porter County]; that thereafter a motion for a new trial was overruled; that thereafter, because of a decision in the Appellate Court, the judgment rendered in this action was vacated by agreement."

Witness McGarvey testified in substance that he was an attorney at law and acquainted with the fair and reasonable fees allowed by courts in the foreclosures of mortgages; that $3,000 was a reasonable amount for attorney fees in the foreclosure of a mortgage involving $28,888, the foreclosure having been filed on September 26th, 1930, in the Lake Superior Court of Lake County, Ind., a change of venue taken to the Circuit Court of Porter County, Ind., trial in the Circuit Court of Porter County, Ind., and thereafter, because of a decision of the Appellate Court, the decree vacated and the case again retried on the 8th day of December, 1933.

It will be noted that the only fees which appellees sought to recover were for services rendered by their attorneys in the filing of the complaint and the proceedings in the presentation and trial of their cause. The proceedings in the cause, up until it was venued to the Porter Circuit Court where the last trial was had, are shown by the evidence, and the proceedings and services of the last trial were in the presence and knowledge of the court which determined the amount.

In view of the record, the foregoing evidence, and the fact that the services in the last trial of the cause were had in the presence of the court, and with its knowledge, we conclude that the court did not err in the allowance of attorney fees of $2,000.

Finding no reversible error, the judgment is affirmed.

Curtis, J., not participating.