98 F.2d 774 (1938)
In re AMERICAN MOTOR PRODUCTS CORPORATION.
MESARD
v.
ULLMANN.
No. 385.
Circuit Court of Appeals, Second Circuit.
August 4, 1938.
David W. Kahn, of New York City (Myron K. Wilson, of New York City, of counsel), for appellant.
Samuel Luloff, of New York City (Morris Luloff, of New York City, of counsel), for appellee.
Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
CHASE, Circuit Judge.
After an attempted reorganization of the American Motor Products Corporation, commenced by petition approved on May 29, 1937, had proved to be futile, an order for liquidation under the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., was entered on October 22, 1927, and the appellant in due course became the trustee. Certain personal property of the bankrupt was turned over to the appellant by the trustee in the proceedings for reorganization that was subject to the lien of a consolidated chattel mortgage. The bankrupt is a New York corporation. The property was in New York and the mortgage is admittedly a valid lien upon it under New York law. It has been in existence too long to be affected by the bankruptcy of the mortgagor. It is also undisputed that the principal amount secured by the mortgage is $10,000 and that appellee is entitled to that with interest concerning which there is also no dispute.
The appeal involves only the question of whether or not the mortgage lien covers an additional $1,500 to be added to the principal as an attorney's fee. The referee decided that it did and the judge confirmed the order. The trustee in bankruptcy appealed on the ground that any fee for counsel to be added to the amount of the lien must be limited to what might be found fair and reasonable compensation for services necessarily performed.
*775 The mortgage provided in the now important part that if the mortgagee "retains counsel for the purpose of collecting any moneys which may be due under the mortgage, or to recover the mortgaged property, or to protect his interest therein by reason of the happening of any of the contingencies set forth in the mortgage, that then and in that event the party of the first part (mortgagor) herein agrees to pay counsel fee, the amount of which is hereby expressly fixed at a sum which shall be equal to 15% of the balance or amount due and unpaid under this mortgage and such counsel fee shall be added to the indebtedness secured by this mortgage and shall be and hereby is made a part of the mortgage debt and shall become an additional lien on said mortgaged chattels secured by this mortgage, and payable on demand with interest, anything in this mortgage to the contrary notwithstanding."
The bankrupt defaulted and the mortgagee employed counsel who undertook the collection of the amount due under the mortgage but it does not appear that any effort to collect was made before the petition for reorganization was filed and approved and we shall assume that none was. In that proceeding the mortgagee's attorney moved for an order permitting him to take possession of the mortgaged property. While this motion was pending, the order for liquidation was made and thereafter the motion was renewed. The trustee applied for an order for leave to sell the assets of the bankrupt free and clear of liens. An order was entered granting the trustee's application and a sale of the mortgaged property brought into the hands of the trustee cash more than sufficient to satisfy the mortgage lien whether or not the disputed fee becomes a part of it.
Provisions in mortgages for the payment of an attorney's fee by the mortgagor if there is a default and the mortgagee is required to engage counsel to collect the debt secured are not uncommon. Their validity is a matter of local law. Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236. Clauses much like the one this mortgage contained have been held valid in New York. Commercial Investment Trust v. Eskew et al., 126 Misc. 114, 212 N.Y.S. 718; Heating & Plumbing Finance Corp. v. 4274 Third Ave. Corp., 147 Misc. 700, 264 N.Y.S. 505. We know of no instance where the highest court in the state has held to the contrary. And we have recently enforced one. In re Kashmir Refinishing Co., Inc., 2 Cir., 94 F.2d 652.
Much of the appellant's argument for reversal of the order below rests upon the theory that the bankruptcy court has the power, notwithstanding the agreement of the parties to the mortgage, to fix the fee. However well founded such a position might be if this were a proceeding in the nature of an allowance for an attorney's fee under the provisions of the Bankruptcy Act, it fails to be effective where the real question is only the amount of the lien of a mortgage valid to secure a debt as of the date of bankruptcy. This lien was absolute as of that date and the bankruptcy did not make it invalid. The consideration for it was the loan made and not the services of the attorney. And, of course, the trustee in bankruptcy took the mortgaged property subject to the lien. Boise v. Talcott, 2 Cir., 264 F. 61. The appellee here is not seeking to prove any claim in bankruptcy but merely to have the amount of an agreed counsel fee allowed as part of the principal debt covered by a lien on the property sold. The Bankruptcy Act does not stand in the way. Security Mortgage Co. v. Powers, supra.
The real opposition to the order is that the amount of the counsel fee is too large, when computed as provided in the mortgage, for the amount of work done. Exactly what was done does not appear but whatever it was there is no intimation that it was unnecessary or that counsel was retained except by reason of the happening of one of the contingencies mentioned in the mortgage. The fee agreed upon was one that would decrease as the principal debt was reduced. What counsel might have to do would vary with circumstances and it cannot be said with any assurance that in view of all the possibilities the mortgagee drove a hard bargain. But even if he had done just that this court would be bound to enforce the provisions of the lien valid under state law and not affected by bankruptcy. In re International Raw Material Corporation, 2 Cir., 22 F.2d 920. There are no general equitable principles under which, in the absence of fraud or usury, a court may substitute its own ideas of what would be just and fair to nullify the agreement of the parties to a contract. Manufacturer's Co. v. McKey, 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982. And so the agreement was properly given effect in the *776 order entered below. In re Kashmir Refinishing Co., Inc., supra.
Affirmed.