FIRST NATIONAL BANK AND TRUST COMPANY OF ELMIRA, NEW YORK, Plaintiff, *v.* NICK CONZO and MAY CONZO, Defendants.

Supreme Court, Special Term, Chemung County, October 14, 1938.

*DeFilippo Brothers*, for the plaintiff.

*Nicholas DiMarco*, for the defendants.

PERSONIUS, J. This action is brought on a promissory note. On November 10, 1937, the defendants admittedly signed the note whereby they promised to pay the plaintiff $423.27 in monthly installments commencing December 9, 1937, the entire principal to become due if any installment was not paid within fifteen days from its due date.

The defendants made a contract with one Moffat to install certain heating equipment and gave the note in payment. Moffat delivered the note to plaintiff, and received the proceeds, but never installed the equipment. The note makes no reference to the purpose for which it was given. It is unconditional. The plaintiff had taken similar notes for Moffat, from which it might be found that the bank knew the purpose.

While each defendant admits making the note, each alleges that it was conditionally delivered to Moffat, that the defendants were not to pay or be liable thereon if Moffat failed to install the heating equipment, that the note was given as collateral to his contract to do so, that there was a failure of consideration and fraud on the part of Moffat in obtaining the note. Nothing indicates that the plaintiff was guilty or cognizant of any fraud, that it knew or had any notice of any conditional delivery of the note, or that it was collateral to a contract with Moffat and payable only upon the performance of that contract. The loss which apparently the plaintiff or defendants must suffer is due to the dishonesty of Moffat but he was in no way connected with the plaintiff.

That between the parties to a transaction a contract or note may be conditionally delivered and not valid unless the condition is fulfilled may be conceded. (*Smith* v. *Dotterweich*, 200 N. Y. 299; *Newgass* v. *Shulhof*, 128 N. Y. Supp. 664.) Here the plaintiff was in no way a party to the transaction which gave rise to the note.

We are dealing with a negotiable instrument. The plaintiff claims to be a holder in due course. (Neg. Inst. Law, § 91.) If it is, " a valid delivery thereof by all parties prior to " plaintiff is conclusively presumed. (Neg. Inst. Law, § 35.)

The defendants urge that the plaintiff, being the payee named in the note, cannot be a holder in due course. With this contention we cannot agree. Ordinarily the payee of a note is a party to the transaction out of which it grew and has or is chargeable with notice of all the terms and conditions thereof. It does not follow that merely because the holder of a note is named as payee, he is not a holder in due course. While the courts of the various States are not in accord, the majority opinion seems to be that a payee may be a holder in due course (97 A. L. R. 1215), and this State is in accord with the majority. (*Brown* v. *Brown*, 91 Misc. 220; *Bergstrom* v. *Ritz-Carlton Restaurant & Hotel Co.*, 171 App. Div. 776.) In 2 Daniels on Negotiable Instruments (7th ed.), at pages 929 *et seq.*, it is said (at p. 930): " a distinction has been recognized between the relation of the payee to the obligation of the contracting parties, whether the payee sustained the relation to them of an immediate party and promisee, or whether the transaction connected with the execution of the instrument was as to the obligors completed before delivery, *and the payee's relation to them and to that transaction was remote and that of a purchaser of the instrument.*" (Italics ours.) Such is this case. The plaintiff is, therefore, a holder in due course. In *Miller* v. *Campbell* (173 App. Div. 821), cited by defendants, the court said (p. 824): " It may be that the payee named in a

note is so separated from the consideration of the note that he may still have the rights of a purchaser for value of commercial paper."

We disregard the authorization to pay directed to the plaintiff. It is not signed by the defendant May Conzo. Nick Conzo denies his signature thereto. Although from the affidavits, and a comparison of signatures, we incline to the belief that the defendant Nick Conzo did in fact sign the authorization, a question of fact as to his signature is presented.

The note in question provides that " in the event of suit to enforce payment * * * a reasonable sum additional shall be allowed as attorneys' fees." Such provision seems to be valid. (*Heating & Plumbing Finance Corp.* v. *4274 Third Ave. Corp.*, 147 Misc. 700; Neg. Inst. Law, § 21, subd. 5.)

This note was given without interest. The interest was deducted by the plaintiff when it purchased the note November 10, 1937. It then paid $358.70. We hold that the plaintiff is entitled to summary judgment for said sum of $358.70, with interest from November 10, 1937, with ten dollars motion costs and twenty-five dollars which is hereby fixed as a reasonable sum as attorneys' fees.

Submit order accordingly.