In re McGRATH MFG. CO. OF OMAHA, NEB.

In re SARGENT MACHINE CO., Inc.

In re McGRATH MFG. CO., Inc.

Nos. 26–47 to 28–47.

United States District Court
D. Nebraska, Omaha Division.

Nov. 29, 1950.

William J. Hotz, Jr., Omaha, Neb., for the Lincoln National Bank & Trust Company of Fort Wayne, Indiana.

Edward G. Garvey, Omaha, Neb., Consolidated Trustee.

DONOHOE, Chief Judge.

The Lincoln National Bank and Trust Company of Fort Wayne (hereinafter referred to as the Bank) is a secured creditor of the bankrupt, McGrath Manufacturing Company.[1] The greater portion of the indebtedness owed by McGrath to the Bank is evidenced by two notes. The first, having a face value of $30,000,[2] is secured by a mortgage on certain real estate[3] and an assignment of the rents and profits therefrom.[4] The second, having a face value of $100,000,[5] is secured by a chattel mortgage on certain personal property.[6] There is no dispute as to the principal and interest now due on these claims. The question arises in regard to attorney's fees. The Consolidated Trustee has filed a written objection to the allowance of any sum to the Bank as attorney's fees, allegedly due its attorney, William J. Hotz, Jr.

The court has no doubt that Mr. Hotz is in truth and in fact the attorney for the Bank. His statement in open court to that effect has gone uncontradicted into the record. However, the attorney's fees requested can only be allowed if such fees are properly a part of the claims secured by the two mortgages mentioned above. This is admitted by all concerned.

The objector in contesting the validity of any provision in the notes for attorney's fees, calls our attention to Section 19-1918, Burns' 1933, Section 13015-15, Baldwin's Indiana Statutes for 1934, Supp. 1935, which provides: "Any and all agreements to pay attorney fees, depending upon any condition therein set forth, and made

part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby declared illegal and void: Provided, That nothing in this section shall be construed as applying to contracts made previous to the taking effect of this act."

This objection as to the notes is not well taken because the notes, themselves, do not provide for attorney's fees. The claim for attorney's fees is based upon certain provisions in the mortgages, which secure the notes, and it seems that the foregoing statute is not applicable to mortgages. Cf. Maloney et al. v. Home Bank & Trust Co. et al., 103 Ind.App. 400, 8 N.E. 2d 113, 114, in which an appellate court in Indiana held the statute inapplicable to a mortgage given to secure certain bonds. The Court made this comment: "The bonds themselves were the written evidence of indebtedness, and the mortgage was to secure the payment of these bonds. The provision in the mortgage providing for attorney fees cannot be considered as written evidence of an existing debt, but is only an obligation creating a subsequent liability on the mortgagors for services performed in the collection of the original indebtedness. Therefore we hold that the above section of the statute is not applicable to the provisions in the instrument here involved." Since the statute referred to by the objector is not applicable to the mortgages in this case the validity of the provisions contained therein for attorney's fees remains unquestioned.

Having established the validity of the provisions in the mortgages for attorney's fees, the further question is presented as to whether the express language of the provisions is broad enough to provide for an allowance of attorney's fees in the situation now under consideration.

---

1. The McGrath Mfg. Company, Inc., of Indiana is one of three related corporations, McGrath Mfg. Company of Omaha, Nebraska, Sargent Machine Co., Inc. of Fort Dodge, Iowa, and McGrath Mfg. Company, Inc. of New Haven, Indiana. Each is bankrupt. The separate proceedings in bankruptcy against each have been joined in the consolidated proceeding by court order.

2. Proof of secured claim, filed February 2, 1950, File No. 199, Vol. 2. Exhibit D.

3. Ibid. Exhibit A.

4. Ibid. Exhibit B.

5. Ibid. Exhibit E.

6. Ibid. Exhibit C.

In other words, is the Bank, by the terms of the mortgage, entitled to an allowance for attorney's fees? The real estate mortgage contains this provision: "The Mortgagor expressly agrees to pay all indebtedness hereby secured, both principal and interest, together with all taxes, assessments, charges and insurance, *with attorney's fees and expense of abstract of title and all costs upon foreclosure,* without relief from valuation or appraisement laws." [7] Emphasis added.

And in the chattel mortgage we find the following paragraph: "The undersigned mortgagor/s hereby expressly agree not to remove the said mortgaged property from the place where it is now located without the consent of the Mortgagee, nor sell, assign or lease the same without such consent, to use said property well, keep the same insured in some reliable company and in good repair; and to pay within the time provided by law, all taxes which are a lien or may become a lien on said property above described and mortgaged; and in case of default being made in any one of these conditions, or if the mortgaged property shall be levied on by execution from any court, or shall come into the hands of any administrator, guardian, executor, assignee, trustee, or commissioner, to be sold, then and in any of such cases the Mortgagee, or its attorney or agents, or its successors or assigns, shall have the right to take immediate and unconditional possession of the same wherever the same can be found, and sell the same at public or private sale; without any proceeding or decree of foreclosure had and obtained (except as to household furniture required to be foreclosed by statute and hereinafter referred to), to the highest bidder for cash in hand or on reasonable credit, as it may deem best, without any notice of the time, place and terms of sale, with right hereby expressly given to the Mortgagee to itself be the purchaser at such sale, and the proceeds of such sale, less the expenses attendant to the sale, to be applied to the mortgage indebtedness, and the *Mortgagor/s hereby agreeing to pay any deficiency remaining with attorney's fees."* [8] Emphasis added.

Both of these provisions require that certain affirmative action must be taken by the mortgagee if he is to be entitled to an allowance for attorney's fees. That action may be in the form of a foreclosure in the case of the real estate or certain household furniture, or it may be in the form of repossession and sale without foreclosure in the case of the other personal property. If such affirmative action had been taken by the Bank in this case no one could question its right to reimbursement for the expense of attorney's fees incurred in connection with such action. But here the security was not foreclosed by the mortgagee. It was taken possession of, protected, and finally sold by the Trustee in Bankruptcy. The sale price was adequate to cover the entire claim of the Mortgagee Bank, including principal and interest. The trustee will have to assess the expenses in connection with the sale against the unsecured creditors because he sought to capture their equity in the security (the amount by which the value of the security exceeds the claims it secures); and it would be inequitable to deduct said costs and expenses from the mortgagee's debt instead of from the surplus in hand. Oppenheimer v. Oldham, 5 Cir., 1949, 178 F.2d 386. In view of the fact that the sale was made by the trustee, and that he incurred the expenses for attorney's fees in connection therewith, the mortgagee, who was not a movant, but who came into court to protect rather than to foreclose his lien, has not taken such affirmative action as would entitle it, *by the terms of the mortgage,* to an allowance for attorney's fees.

The cases cited by the attorney for the Bank do not support a contrary view. In

---

7. Supra, Footnote 3.

8. Supra, Footnote 6.

Oppenheimer v. Oldham, supra, the court decided that where the value of encumbered land of a bankrupt, measured by the actual proceeds thereof, was more than sufficient to pay principal and interest, the secured creditor was entitled to receive the full amount with interest accrued thereon to the date of payment. Though the note involved in this case expressly provided for attorney's fees in the event of foreclosure, attorney's fees were neither claimed nor allowed. The inference would seem to be that where the trustee makes the sale, while the secured creditor looks on, it is the trustee, not the creditor, who incurs the expense of attorney's fees in connection with the sale. In re Calhoun Motors, D.C., 55 F.Supp. 397, involved a situation in which the parties admitted the notes in question contained provisions allowing the attorney's fees in question. The fees were not allowed because the mortgage relied upon to give the applicant a preferred claim made no reference to the notes. In re American Motor Products Corporation, 2 Cir., 98 F.2d 774, involved a provision which expressly allowed attorney's fees where the creditor engaged counsel to protect his interest in certain contingencies, one of which was bankruptcy. In that case the situation which occurred was the situation contemplated. In the case now under consideration the situation which occurred was not the situation contemplated. The situation contemplated by the provision allowing attorney's fees was foreclosure (or repossession) and sale by the creditor. The situation which occurred was bankruptcy and sale by the trustee in bankruptcy.

In view of the fact that the Bank is not, by the terms of the mortgage, entitled to an allowance for attorney's fees, it is unnecessary to consider what would be a reasonable attorney fee for the service, if any, rendered by its attorney, William Hotz, Jr., in this case.

The application of the Bank for attorney's fees is denied and judgment will be entered accordingly.