John E. Cone, J.
Plaintiff moves for summary judgment. The action is to recover upon a check in the sum of $4,500 delivered to plaintiff as payee and signed by defendant, upon which defendant had stopped payment.
The following is the relevant factual background of this action. Bedkell Associate Builders, Inc., agreed to erect an animal hospital for Dr. George A. Goode, defendant’s husband, for a stipulated sum. During the course of construction Bedkell borrowed money from plaintiff, South Shore Securities Co., giving as security chattel mortgages on certain personal property. Subsequently, and before the first payment became due on the construction contract, from Dr. Goode to Bedkell, the latter, as additional security, executed an assignment to South Shore of “ the first moneys due or to become due to it up to the sum of $4,500 from Dr. George A. Goode ” under the construction contract referred to, a copy of which assignment was forwarded to Dr. Goode. That document contains a provision authorizing, empowering and directing Dr. Goode to pay the sum of $4,500 to the South Shore Securities Co. without any further instructions from Bedkell.
On September 7, 1956 defendant herein, assertedly as agent for her husband, drew a check on the mutual funds of herself and her husband in the sum of $4,500, payable to South Shore, as payee, and on September 11 forwarded same to Bedkell to have the latter indorse thereon “Payment Approved.” On September 18 the check was delivered to South Shore and after indorsement and presentment by the latter, the check was dishonored. The defendant had, prior to presentment, issued instructions to her bank to stop payment on the check on the asserted ground that Bedkell had abandoned its contract and *217 that there was a failure of consideration. It is important, too# that after defendant stopped payment on the check, and after the plaintiff commenced this action, plaintiff foreclosed its chattel mortgages on the chattels owned by the builder and now asks judgment for $2,255.10 instead of $4,500.
Plaintiff urges that it is a holder in due course and that the defense of failure of consideration interposed by the defendant is not available to her. On the other hand, defendant not only questions that plaintiff, as a payee, can be a holder in due course, but challenges plaintiff’s good faith and asserts that plaintiff did not give value nor did it change its position when it took the check.
Assuming, as we must, that under the Negotiable Instruments Law a payee can be a holder in due course (2 Daniel on Negotiable Instruments [7th ed.], § 884; 10 C. J. S., Bills and Notes, § 305, p. 789; First Nat. Bank & Trust Co. v. Conzo, 169 Misc. 268, 269), the circumstances disclosed by the record herein present issues of fact as to whether plaintiff took the instrument in good faith and for value (Negotiable Instruments Law, § 91, subd. 3) which cannot be determined without a trial.
Accordingly, the motion is denied.
Settle order on notice.