Herbert D. Hamm, J.
The plaintiffs sold a quantity of eggs on September 21 and 24, 1958, for $1,490.78. The plaintiffs claim that the eggs were sold to the defendant. The defendant claims that the eggs were sold to one Tony Parra.
On September 26, 1958, the defendant drew his check in the sum of $1,490.78 payable to the plaintiffs and he delivered it to Parra on that date on the promise of the latter that he would give the defendant “ the sum of $1,490.78 in cash to cover the check on Monday morning, September 29th, 1958 ”. When the *863 defendant did not receive that sum from Parra he stopped payment on the check which had been delivered by Parra to the plaintiffs on September 26,1958.
The plaintiffs sue upon the check and move for summary judgment. The only defense to the action or to the motion raised by the defendant in his answer or in his affidavits is the failure of consideration for the check. The defendant alleges that the eggs were sold to and received by Parra and for the purposes of this motion this must be accepted as fact.
The plaintiffs are holders for value. Section 51 of the Negotiable Instruments Law provides: “Value is any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.” Under that section the plaintiffs have given consideration for the defendant’s signature in the form of the antecedent or pre-existing debt. This is true although I must for the purposes of this motion assume, as the defendant contends, that Parra and not the defendant was the buyer. But the discharge of a pre-existing debt owing by a third person is legal consideration for the promise of another to pay such debt (County Trust Co. v. Mara, 242 App. Div, 206, affd. 266 N. Y. 540). The plaintiffs deny any indebtedness by Parra but assert that the defendant was the buyer. As stated, for the purposes of this motion I must assume the facts stated by the defendant to be true and hence further assume that Parra was in fact the buyer. However, as the plaintiffs assert no claim against Parra as buyer or in any respect whatever but specifically allege that only the defendant was and is liable to them, formerly as a buyer and presently as a drawer, it is clear that the check was received in extinguishment of the indebtedness, regardless of by whom the debt was owed, and no triable issue is presented. Under section 51 an antecedent debt is deemed to be value 11 whether the instrument is payable on demand or at a future time ”. The defendant’s only defense is that he received no consideration from the payee. This is entirely without merit. Section 55 of the Negotiable Instruments Law provides: ‘ ‘ An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.” The defendant is an accommodation party under this section which states that he is liable on the instrument to a holder for value even though the holder at the time of taking the instru *864 ment knew him to be only an accommodation party. It is characteristic of such a party that he does not receive any consideration from the payee of a check or note. In fact the defendant’s affidavit states: ‘ ‘ Yonr deponent did give Tony Parra a check * * * strictly as an accommodation ’ ’. The defendant is bound by virtue of the facts that his signature is on the instrument and the holder has given value for the instrument. The defendant is bound by virtue of the fact that consideration in the form of the antecedent debt has been given for the check itself, which bears his signature, regardless of the fact that he himself received no consideration from the plaintiffs. Since absence of consideration is the only defense offered by the defendant, the defendant is liable on the instrument.
Moreover, although it is not necessary to this decision to so hold, the defendant is liable because the plaintiffs are holders in due course under section 91 of the Negotiable Instruments Law, which provides:
‘‘A holder in due course is a holder who has taken the instrument under the following conditions:
“ 1. That it is complete and regular upon its face;
‘1 2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
‘ ‘ 3. That he took it in good faith and for value;
“ 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
No defense is raised that the plaintiffs at the time they took the check had notice of any defects or infirmities. The default on the collateral agreement between the defendant and Parra did not take place until after the plaintiffs had become the holders of the check; it is inconceivable that they could be charged with notice of an event which had not yet occurred (Commercial Investment Trust v. Pearson, 236 App. Div. 772).
The fact that the plaintiffs are the payees does not preclude them from occupying the position of holders in due course (2 Daniel, Negotiable Instruments [7th ed.], § 884; 10 C. J. S., Bills and Notes, § 305, p. 789; First Nat. Bank & Trust Co. of Elmira v. Conzo, 169 Misc. 268, 269). Failure of consideration is not a matter of defense against a holder in due course (Negotiable Instruments Law, §§ 54, 96).
The plaintiffs’ motion is granted. Submit order and judgment. The motion papers will be forwarded on the settlement date.