Per Curiam.

As between the plaintiff and Associated Engi-
neers, Inc. (Associated), acceptance by the plaintiff of the defendant’s check in reduction of Associate’s debt to the plaintiff constituted value (Negotiable Instruments Law, § 51). The plaintiff was not a party to any of the transactions between Associated and the defendant nor was it on notice of any infirmity or defense to the check in which, at the instance of Associated, it and Associated are made the payees. Being thus insulated from the defendant, the plaintiff is a holder in due course notwithstanding that it is a payee (Britton, Bills and Notes [2d ed.], § 122; 10 C. J. S., Bills and Notes, § 305, pp. 789-790; Bergstrom v. Ritz-Carlton Rest. & Hotel Co., 171 App. Div. 776, 781, app. dsmd. 220 N. Y. 569; Zanetti v. Malanga, 19 Misc 2d 862). Since Associated was made an additional payee at its request and for its convenience, the plaintiff should not be prejudiced thereby. In essence the plaintiff’s position is the same as if Associated had been the sole payee and the plaintiff the indorsee of the check. The foregoing views being based on the defendant’s own version of the transaction as stated in the answering affidavit of its treasurer, there is no triable issue. The plaintiff is, therefore, entitled to summary judgment.
The order should be reversed, with $10 costs, and motion granted.
Concur — Hofstadter, J. P., Tilzer and Gold, JJ.
Order reversed, etc.