## BRANYAN v. KAY.

A stipulation in a mortgage that the mortgagor will pay ten per cent. for attorneys' fees in case the debt is collected by suit, is binding upon the mortgagor; and the debt *is* collected by suit when it is paid under the terms of a decree in a suit for partition among the heirs of the mortgagor, to which suit the mortgagee is made a party-defendant and answers claiming to be paid his debt according to the terms of the mortgage.

Before ALDRICH, J., Anderson, February, 1890.

This was a suit for partition by W. C. Branyan against John R. Kay and others, heirs at law of Lucinda A. Branyan, and the American Mortgage Company of Scotland, commenced August 27, 1889. An order of sale was passed, to which the American Mortgage Company consented with the understanding that it should be allowed to file its answer *nunc pro tunc*, claiming a first lien on the proceeds of the sale. Such an answer was afterwards filed, in which principal, interest, and ten per cent. additional as attorneys' fees were demanded. Other matters are stated in the opinion.

*Messrs. Whitner & Simpson*, for appellant.

*Mr. J. L. Tribble*, contra.

. September 29, 1890. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. Mrs. Lucinda A. Branyan, during her life, executed to the "American Mortgage Company" a mortgage of certain lands to secure a note made to them for $550 and interest; and this note contained the additional stipulation, "and in case the note is collected by suit, I agree to pay all costs of collection, including ten per cent. of the principal and interest as

attorneys' fees." Some time after, Mrs. Branyan died and this proceeding was commenced by the heirs for partition of the aforesaid lands; also making the mortgage company a party defendant, and they answered, setting up their claim. All the issues were referred to the master, with directions to state the account, &c. The master, among other things, found as to the claim of the company holding the mortgage as follows, viz.: "The note stipulates that 'should any of said interest notes not be paid when due, it shall bear interest at the rate of ten per cent. per annum from maturity.' It further stipulates, 'and in case this note is collected by suit, I agree to pay all costs of collection, including ten per cent. of the principal and interest as attorneys' fees.'" The following statement is submitted to show the amount due on the note: The principal and interest due February 7, 1890, $647.33. To which add 10 p. c. commission for counsel fee and costs, $64.73, making in the aggregate the sum of $712.06 due on the note on February 7, 1890, &c.

The heirs excepted to so much of the report as allowed the item of counsel fees—$64.73. Judge Aldrich sustained the exception, and upon that point overruled the report. The company, mortgagee, appeals to this court upon the following grounds: "1. Because the mortgagor promised and agreed in her said note that in case the note was collected by suit, she agreed to pay all costs of collection, including ten per cent. of the principal and interest as attorneys' fees. 2. Because the proceedings had in this action brought it within the scope and meaning of the mortgagor's contract and entitled the defendant company to the ten per cent. attorneys' fees, as much as if it had been a suit for foreclosure, and the Circuit Judge erred in not so holding."

It is not doubted that the mortgagor, Mrs. Branyan, made the stipulation as to attorneys' fees, and it is quite clear that she had the right to do so. *Aultman & Taylor Co.* v. *Gibert*, 28 S. C., 313. The only question, then, is, whether the money was "collected by suit." There certainly was a legal proceeding, which resulted in its collection. True it is, that in that proceeding the company was not the plaintiff. Mrs. Branyan died, and the heirs took the initiative for partition; but they made the company a party defendant, and the company answered, claim-

ing affirmative relief. "The word suit is a generic term and denotes any legal proceeding of a civil kind by one person against another. The term is, however, used in opposition to *action; suit* being the proper word for a litigation in chancery, and *action* for a contest in a court of law." 2 Rep. & L. Law Dict., 1235. The suit here was in equity, where, although all parties having an interest should be before the court, not much stress is laid upon the fact whether they are named as plaintiffs or defendants. As Mr. Adams says: "It is only requisite that the interest of the plaintiffs should be consistent, and it is immaterial that the defendants are in conflict with each other, or that some of their claims are identical with those of the plaintiffs. In equity a decree is asked, and not a decision only." Adams Eq., 312.

We cannot doubt that the defendant company collected the money due on the note and mortgage "by suit." "Any creditor so coming in is a party in every sense, as much so as if he had commenced the action for himself and other creditors, or was made a defendant by name, and filed a formal answer." *Westfield* v. *Westfield*, 13 S. C., 485. The only duty of the court is to interpret and direct the enforcement of the contract.

The judgment of this court is, that the judgment of the Circuit Judge be reversed, and the report of the master be affirmed.