15699, 15700.   BANK OF LUMPKIN *et al. v.* FARMERS STATE BANK *et al.*; and *vice versa.*

LUKE, J.   Farmers State Bank brought suit against the Bank of Lumpkin as maker, and several others as indorsers, upon promissory notes, praying for a judgment for principal, interest, and attorney's fees of 10 per cent. thereon for collection, as provided for in the notes. The defendants demurred to the suit, both generally and specially, and the demurrers were overruled. The defendants filed a plea in abatement, which was stricken on demurrer; and they filed a plea of usury, which was also stricken on demurrer. The defendants pleaded that they were not liable for ten per cent. attorney's fees, for the reason that the plaintiff had not contracted with its attorney to pay ten per cent., but had contracted to pay a less sum than ten per cent. A verdict was rendered in favor of the plaintiff, for principal, interest, and ten per cent. attorney's fees as contracted for in the notes. Motion for a new trial was overruled. *Held:* The court did not err in sustaining the demurrers of the plaintiff to the plea in abatement and the plea of usury in the transaction; nor did the court err in overruling the defendant's demurrer to the petition upon the ground that the action was improperly brought in two counts. There was no error of law upon the trial of the cause, and the evidence demanded a verdict in favor of the plaintiff; the court therefore properly overruled the motion for a new trial.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 14, 1924.

Complaint; from Stewart superior court—Judge Littlejohn. May 17, 1924.

Certiorari was granted by the Supreme Court.

The main contention of the plaintiffs in error was that the notes sued upon were given as part of a usurious contract. From the record it appears that in February, 1921, the Bank of Lumpkin entered into a contract with the Farmers State Bank for the liquidation of the affairs of the Bank of Lumpkin. The Farmers State Bank agreed to lend the Bank of Lumpkin a stated sum necessary to pay off the liabilities of the Bank of Lumpkin; and for that sum and interest thereon from date at the rate of 8 per cent. per annum the latter bank signed notes to the other bank, indorsed by directors of the Bank of Lumpkin, and containing the usual provision for the payment of attorney's fees of ten per cent. for collection. The notes sued on are renewals of these notes. The sum for which the notes were given was not paid over to the Bank of Lumpkin but was paid on its liabilities, some of which did not

mature and were not paid until long after the notes were signed. In the contract it was provided that the Bank of Lumpkin should bear, out of its assets, all the necessary expenses, attorney's fees, court costs, etc., incurred in collecting its notes and converting its assets into cash, and should furnish at its expense the services of an acceptable man to assist the Farmers State Bank in the handling of its assets, under the direction of the Farmers State Bank, and to assist that bank generally while the loan made by it to the Bank of Lumpkin remained unpaid; and the Bank of Lumpkin agreed to pay and authorized the Farmers State Bank to pay out of the assets of the Bank of Lumpkin in its hands an additional service charge of a stated sum per month to cover extra help and .expense during the same period, and to save the Farmers State Bank harmless from all loss, damage, cost, or unusual expense that might be incurred by it by reason of the carrying out of the agreement.

*G. Y. Harrell, R. S. Wimberly,* for Bank of Lumpkin et al.
*Wallis & Fort, Smith, Hammond & Smith,* contra.