*R. B. Lambert,* for plaintiff in error. *Harry L. Greene,* contra.

---

15699, 15700.   BANK OF LUMPKIN *et al. v.* FARMERS STATE BANK *et al.;* and *vice versa.*

Under the decision of the Supreme Court on certiorari in this case, the former judgment of this court is vacated, and the judgment complained of in the main bill of exceptions is reversed.

The court erred in allowing the amendment by which the defendants set up that they were not liable for ten per cent. attorney's fees for the reason that the plaintiff had not contracted with its attorneys to pay ten per cent., but contracted to pay a less sum.

Decided May 12, 1926.

Complaint; from Stewart superior court—Judge Littlejohn. May 17, 1924.

*G. Y. Harrell, R. S. Wimberly,* for Bank of Lumpkin et al.

*Wallis & Fort, Smith, Hammond & Smith,* contra.

Luke, J.   1.   A decision in this case was rendered by this court (33 *Ga. App.* 117, 126 S. E. 280), and by certiorari the case was carried to the Supreme Court. It appearing from the remittitur and the decision of the Supreme Court that the judgment rendered by this court has been reversed, the former judgment of this court is vacated, and, in accordance with the ruling of the Supreme Court, the judgment of the court below on the main bill of exceptions is reversed. For a full statement of facts and the rulings of the Supreme Court, which are hereby adopted by this court, see *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (132 S. E. 221).

2.   Since, at the time of the rendering of the former decision, the dismissal of the cross-bill by this court was based on our judgment of affirmance in the main bill, as reported in the 33 *Ga. App.*

---

Bills and Notes, 8 C. J. p. 956, n. 22 New.
Pleading, 31 Cyc. p. 447, n. 56.

117, and since that judgment of affirmance has been reversed by the Supreme Court, a consideration of the cross-bill is now proper.

On the trial of the case the defendants offered two amendments to their answer, the greater portions of which were disallowed by the court, and properly so, because they contained no clear allegation of a scheme or device for usury made at the time of the execution of the contract. See decision of the Supreme Court, supra. However, the trial judge did, over the objection of plaintiff, allow the defendants to amend their answer as follows: "The defendants allege that the amount sued for as attorney's fees in this case can not legally be recovered of these defendants, for the reason that, while said sum is contracted for in said notes sued on, that the plaintiff has not paid nor agreed to pay any such sum in this case, but contracted with attorneys, as these defendants are informed and believe and so charge, for a lesser sum, to wit, the sum of $2000; also plaintiff procured counsel to handle the instant case for a much less sum than 10% attorney's fees as contained in the notes, and defendants charge that counsel of record in this case undertook the collection of the notes sued on and handled this case, so defendants are informed, for the sum of $2000; that such sum is reasonable compensation for the entire services rendered in this case; these defendants are not liable for an excessive charge for attorney's fees, and as to them the contract is without consideration." To the allowance of this amendment the plaintiff in the court below filed exceptions pendente lite, and now excepts and assigns error thereon in its cross-bill of exceptions.

This amendment was improperly allowed. The amendment admits that the 10% attorney's fees "is contracted for in said notes," and the record shows that plaintiff gave sufficient notice, as provided by § 4252 of the Civil Code of 1910, that it would claim the 10% attorney's fees so contracted for by defendants. This was payable to the plaintiff, and not to the plaintiff's attorneys. If the services of the plaintiff's attorneys had cost more than 10% of the claim, the defendants would not have been liable for the excess charge, and if the services of the attorneys cost less than 10% of the claim the defendants are not entitled to any rebate thereon. The cost of the services of the attorneys is a matter of contract between the plaintiff and its attorneys. "As such attorney's fees as are recoverable are in the nature of liquidated dam-

ages which inure to the benefit of the plaintiff, and are not a provision for the benefit of his attorney, a plaintiff who has given the required notice entitling him to recover attorney's fees may waive them by settling with the defendant in full, or by accepting payments thereon from the defendant, under an agreement or understanding not to insist on the liability created by the notice." *Rylee* v. *Bank of Statham,* 7 *Ga. App.* 490 (6) (67 S. E. 383). In *Carson* v. *Blair,* 31 *Ga. App.* 60 (2) (121 S. E. 517), the court said: "The stipulation in the note for the payment of attorney's fees was made for the benefit of the holder of the note, and presumably the suit, in counting for attorney's fees, is proceeding solely for the benefit of the plaintiff." "Where a promissory note provides for the payment by the maker of principal, interest, and attorney's fees, the attorney's fees are a part of the principal debt." *Evans* v. *Atlantic National Bank,* 147 *Ga.* 621 (2) (95 S. E. 219). See also *Hamilton* v. *Rogers,* 126 *Ga.* 27 (3-*a*) (54 S. E. 926); *Mount Vernon Bank* v. *Gibbs,* 1 *Ga. App.* 662 (58 S. E. 269).

It is not necessary to consider the other assignments of error in the cross-bill of exceptions.

3. The errors in the rulings upon the pleadings rendered the further proceedings in the case nugatory.

*Judgment on main bill of exceptions reversed; judgment on cross-bill reversed. Broyles, C. J., and Bloodworth, J., concur.*