### In re ESSENTIAL INDUSTRIES CORPORATION.

No. 353.

Circuit Court of Appeals, Second Circuit.

July 11, 1945.

Before SWAN, CHASE, and FRANK, Circuit Judges.

David W. Kahn, of New York City, for appellant.

Louis P. Rosenberg, of Brooklyn, N.Y., for appellee.

CHASE, Circuit Judge.

This appeal is from an order of the District Court for the Southern District of New York affirming the order of a referee which denied the application of a mortgagee for an allowance for the reasonable fees of his attorney incurred in protecting his interest in a chattel mortgage on some of the bankrupt's property and collecting the debt secured by the mortgage.

The bankrupt is a corporation which on April 7, 1944, owned certain machinery in the City of New York which it then mortgaged to the appellant to secure a loan of $50,000 with interest. A clause in the mortgage provided that, if the mortgagor defaulted in respects mentioned, the mortgagee should have the right to "take and carry away the said goods and chattels, and to sell and dispose of the same at public or private sale for the best price that can be obtained, and out of the money arising therefrom, to retain and pay the said sum above mentioned and all charges touching the same, including counsel fees; rendering the overplus, if any, unto the Mortgagors or their successors or assigns."

The mortgagor was in default under the mortgage on July 3, 1944, and on that day the mortgagee took peaceable possession of the mortgaged chattels with the consent of the mortgagor. The mortgagee then advertised them for sale at a public auction which was held two days later and bid them in for $2,500, subject to a prior mortgage on which about $12,500 was due.

On the next day, July 6, 1944, an involuntary petition in bankruptcy was filed against the mortgagor in the District Court for the Southern District of New York. The following day the appellant retained David W. Kahn, Esq., the attorney for whose fees the allowance was sought and denied, to protect his interest under the mortgage and to collect the money due thereunder. The services of this attorney were all performed thereafter in behalf of the mortgagee while the following was done.

On July 8, 1944, the appellant's attorney and counsel representing the petitioning creditors stipulated that the mortgaged chattels might be resold and that any surplus above the mortgage debt realized on the resale would be turned over to the trustee in bankruptcy when appointed. The mortgagor was thereafter adjudicated a bankrupt, and on the petition of a creditor the proposed resale of the mortgaged property was stayed on July 26, 1944. On that day a receiver was appointed. Nothing of moment appears to have happened after that until on August 10, 1944, a trustee was appointed. The appellant, the first mortgagee and the trustee in bankruptcy then stipulated that the trustee should take possession of the mortgaged property and sell it for what it would bring, provided the amount realized was not less than $70,000, and hold the proceeds for distribution in accordance with the stipulation. The referee approved the stipulation and the trustee did sell the mortgaged chattels for $95,500.

There was a dispute as to the validity of the appellant's mortgage and, assuming it to be valid, as to the amount due thereunder, which dispute was compromised in accordance with the terms of another stipulation executed by the parties on September 21, 1944, and duly approved by the referee. It provided that the appellant would be paid $45,000 in full satisfaction of the debt secured by his mortgage and also provided that the settlement was "without prejudice to the right of David W. Kahn, Esq., to make application before the Referee in Bankruptcy for an allowance for legal fees for services rendered by him to Samuel Cohen [the appellant] in connection with the collection of the moneys due

under the mortgage as provided for by said mortgage."

The order appealed from denied an application by Mr. Kahn for such legal fees, on the ground that his services were all rendered after the sale of July 5, 1944, and were not within the scope of the clause in the mortgage providing for the sale of the property by the mortgagee and the payment of attorney's fees "out of the money arising therefrom."

■ A clause in a New York mortgage providing for the payment of the fees of an attorney representing the mortgagee in the collection, after default, of the amount secured by the mortgage is valid and enforceable. In re American Motor Products Corporation, 2 Cir., 98 F.2d 774. And this is so, when the provision is sufficiently broad, though the collection of the money is the result of a sale of the mortgaged property which the mortgagee is empowered to seize and sell, but which is actually sold not by the mortgagee but by a trustee in the bankruptcy proceedings of the mortgagor. Manufacturers' Finance Co. v. McKey, 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982; In re Kashmir Refinishing Co., 2 Cir., 94 F.2d 652.

The agreement here made was that in the event of default by the mortgagor the mortgagee might take possession of the mortgaged property and sell it for the best price he could obtain and deduct therefrom "all charges touching the same, including counsel fees." It is true that the mortgagee did, with the consent of the mortgagor, take actual possession of the property and sell it at public auction without incurring any counsel fees. But it is equally true that the mortgagee did not seek to enforce what rights, if any, he acquired by virtue of this sale and in legal effect redelivered the property to the mortgagor for resale when he delivered it to the mortgagor's trustee in bankruptcy. Though he did not concede that the original sale was invalid, he did not elect to try to secure any advantage from that sale, which was obviously for an inadequate price since the property brought over six times that amount on the resale a little later.

The effect of what was done under the stipulation was to undo the original sale and put all parties in interest in the situation which would have existed had the trustee in bankruptcy taken possession of the property before the original sale, with the following immaterial exception: The mortgagee did sell for $8,760 and deliver to Grand Machinery Exchange, Inc., eight machines which were covered by the mortgage and did incur necessary expenses in guarding and listing the mortgaged property while it was in his possession. These amounts were charged and credited respectively to the appellant in accordance with the terms of the above mentioned stipulation, which provided that he should receive from the proceeds of the resale only the amount required to discharge the indebtedness due him, plus interest and lawful charges.

■ In construing the contract which the parties to the mortgage made respecting the allowance of counsel fees incurred by the mortgagee out of the proceeds of a sale of the property, we must give effect to their intent as shown by their language. In re Roche, 5 Cir., 101 F. 956; In re Murcott Steel Products Co., 2 Cir., 294 F. 84. They did not in this instance, as was done in the mortgage involved in Re Kashmir Refinishing Co., supra, provide for the payment of counsel fees incurred by the mortgagee "for the purpose of collecting any moneys which may be due under the mortgage, or to recover the mortgaged property or to protect his (its) interest therein." This agreement was simply that if the mortgagee took possession of the property and sold it as provided in the mortgage he could retain from the proceeds of the sale the amount due him on the mortgage "and all charges touching the same, including counsel fees." The stipulation providing for the sale of the property by the trustee did, to be sure, also provide for the allowance of the appellant's counsel fees "in connection with the collection of the moneys due under the mortgage" but only by the bankruptcy court "as provided for by said mortgage." The stipulation neither enlarged nor diminished the mortgagee's right to an allowance by virtue of the mortgage provisions. That right remained one for the payment of counsel fees incurred by the mortgagee in selling the property and for "all charges touching the same", i.e., a sale so made. This language is narrowly limited to the subject concerning which it was used. In re Kashmir Refinishing Co., supra. The attorney's fees for protecting the mortgagee's interest after the proceedings in bankruptcy were begun and for collecting the money due him, otherwise than by a sale of the property by the mortgagee in

accordance with the provisions of the mortgage, are not fees which fall within the clause in this mortgage and there was no error in denying this application.

Order affirmed.