**BROWN v. SECURITY NAT. BANK OF GREENSBORO et al.**

**In re CAROLINA MILLS, Inc.**

**No. 6508.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 20, 1952.

Decided Dec. 16, 1952.

Louis Greenblatt, New York City (Tenzer, Greenblatt, Fallon & Kaplan and Herbert Berman, New York City, on the brief), for appellant.

Julius C. Smith, Greensboro, N. C., and A. L. Hardee, Florence, S. C. (Willcox, Hardee, Houck & Palmer, Florence, S. C., and Smith, Sapp, Moore & Smith, Greensboro, N. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is another appeal in the reorganization proceedings of Carolina Mills, Inc. The appeal here is by David H. Brown, principal creditor and sole stockholder of the corporation, from an order of the District Court allowing attorneys' fees in the sum of $8,000 to counsel for the Jefferson Standard Life Insurance Company, a creditor of the corporation, secured by a deed of trust on its plant and machinery, and the Security National Bank of Greensboro, trustee under the deed of trust.

The debtor corporation had borrowed from the insurance company on November 5, 1946 the sum of $300,000 and had issued its first mortgage bonds in that amount secured by the deed of trust. When the petition for reorganization of the debtor corporation was filed and approved on November 11, 1948, there was due on these bonds, which had been declared in default, a balance of $138,750. The deed of trust contained the following provisions as to attorney's fees:

"Article IX, Section 2(a) : The Trustee may, and upon request in writing by the holders of a majority of the bonds hereby secured then outstanding and unpaid and upon offering to the Trustee adequate indemnity against any and all loss, liability, costs and expenses, shall proceed with the collection of the amount due upon said bonds, and any other sums due by the Company as herein provided by suit, foreclosure, or other judicial proceedings, and may apply to the Court for a sale of the property and for appointment of a receiver thereof, and shall take such steps as may be necessary or proper for the enforcement of said indebtedness against the security given. In any such proceedings at law or in equity commenced by the Trustee, the Trustee shall, as a matter of right, be entitled ex parte to the appointment of a receiver of and for all and singular the trust estate herein described, and by and through said receiver. In any such proceeding, the Trustee shall be allowed all his expenses, costs and charges, including any and all attorney's fees incurred. * * *.

"Article XI * * * Section 4(f). The Trustee shall have a lien on the property conveyed and the proceeds thereof * * * for its reasonable expenses, counsel fees, compensation for services rendered, and advances made by it in the discharge of the duties devolving upon it, pursuant to the provisions hereof. * * *"

Upon the filing and approval of the petition for reorganization on November 11, 1948 the court appointed trustees to continue the operation of the textile manufacturing plant of the debtor, which had not only mortgaged its plant and machinery under the deed of trust hereinbefore mentioned, but had also given a factor's lien upon its stock in process and receivables for advancements which it had re-

ceived from a New York corporation that was selling its product. The insurance company and the trustee employed Willcox, Hardee, Houck and Palmer, attorneys at law of Florence, S. C., to protect their interest under the deed of trust and to take such steps as might be necessary to collect the balance due on the bonds. Within less than a month after the filing of the petition for reorganization these attorneys filed a petition with the court asking that the trustee be allowed to proceed with the foreclosure of the deed of trust and asserting that the rights of creditors and particularly of their clients would be prejudiced by the proceedings for reorganization. This petition was denied, but similar efforts to obtain a foreclosure were made by the attorneys at hearings had on July 1, 1949 and January 11, 1950. Not succeeding in their efforts to have the property released to them for foreclosure, the attorneys gave attention to the operation of the plant by the trustees, attended numerous hearings relating thereto and recommended to the court and secured approval of orders requiring interim payments of interest and of maturing bonds. In this way they collected on the bonds approximately $50,000 before the plan of reorganization was carried out in September 1952. Under the plan they have collected the balance due on the principal and interest. They asked attorneys' fees in the sum of $10,000 and filed affidavits of reputable and outstanding members of the bar that their services were reasonably worth that amount, one of the attorneys valuing them at as much as $12,-500. No affidavits in contradiction were filed.

We think there can be no question but that allowance of attorneys' fees for services such as were rendered here was provided for under the terms of the deed of trust which we have quoted. Upon the approval of the petition for reorganization, it certainly was the duty of the trustee to intervene in the reorganization proceedings and see that proper steps were taken therein to collect the amount due under the bonds and to protect the security covered by the deed of trust, which has been taken into possession and was being operated by the trustees of the bankruptcy court; and

it was clearly the intention of the parties, as evidenced by the passage quoted, that expenses so incurred including counsel fees should constitute a charge on the mortgaged property. Such intervention was certainly a "step" both "proper" and "necessary" for enforcing the indebtedness secured by the deed of trust against the security given, and was unquestionably a judicial proceeding entered upon for the purpose of collection. It is immaterial that such proceeding was not an independent one but was taken in connection with the bankruptcy reorganization which had been commenced. It was none the less a necessary proceeding in a court and was entered upon for the purpose of preserving rights under the deed of trust and for collecting the indebtedness thereby secured. Legal services rendered to the trustee in connection therewith are just the sort of services which the quoted passages of the deed of trust were intended to cover.

Directly in point is the South Carolina decision of Branyan v. Kay, 33 S.C. 283, 11 S.E. 970, 971. In that case a mortgage of real estate securing a note provided for the payment of attorneys' fees if the note should be collected by suit. Upon the death of the mortgagor, the heirs commenced a proceeding to partition the land and the mortgagee was made a party to the proceeding, in which the rights of the mortgagee as holder of the note were adjudicated. In holding that an allowance of attorneys' fees in accordance with the stipulation of the mortgage was proper, the Supreme Court of South Carolina said:

"The only question, then, is whether the money was 'collected by suit.' There certainly was a legal proceeding, which resulted in its collection. True it is that in that proceeding the company was not the plaintiff. Mrs. Branyan died, and the heirs took the initiative for partition, but they made the company a party defendant, and they answered claiming affirmative relief. 'The word "suit" is a generic term, and denotes any legal proceeding of a civil kind by one person against another. The term is, however, used in opposition to "action;" "suit" being the proper word for a litigation in chancery.

and "action" for a contest in a court of law.' 2 Rap. & L. Law Dict. 1235. The suit here was in equity, where, although all parties having an interest should be before the court, not much stress is laid upon the fact whether they are named as plaintiffs or defendants. As Mr. Adams (Eq. 313) says: 'It is only requisite that the interest of the plaintiffs should be consistent, and it is immaterial that the defendants are in conflict with each other, or that some of their claims are identical with those of the plaintiffs. In equity a decree is asked, and not a decision only.' We cannot doubt that the defendant company collected the money due on the note and mortgage 'by suit.' "

Paraphrasing the language of the foregoing opinion, we cannot doubt that the trustee here collected the money due on the bonds by "judicial proceedings" and as a result of steps taken for the enforcement of the indebtedness secured by the deed of trust. Appellee admits that counsel fees would have been properly allowed, if the trustee had instituted a foreclosure proceeding or filed a creditor's bill for the purpose of collecting the bonds; but no distinction in law or in reason can be drawn between instituting a proceeding of that sort and intervening for like purpose in a proceeding already instituted. It has been held that, where payment of counsel fees is provided for out of the proceeds of property conveyed as security, such fees are properly allowed when the property is sold, not in a foreclosure proceeding by the mortgagee, but in a bankruptcy proceeding of the mortgagor, where the property is sold free of liens. In re Kashmir Refinishing Co., 2 Cir., 94 F.2d 652; cf. Tawney v. Clemson, 4 Cir., 81 F.2d 300.

Whether counsel fees in such a situation are allowable in a bankruptcy proceeding depends upon the law of the state in which the land conveyed by the deed of trust is situate. Security Mortgage Company v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236. Cf. Manufacturers Finance Co. v. McKey, 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982. And there can be no question but that under the law of South Carolina the fees of counsel here were properly allowable. Branyan v. Kay, supra; In re Glenn, D.C., 2 F.Supp. 579, 592–593. In the case last cited, the late Judge H. H. Watkins, who was thoroughly familiar with the law of South Carolina through long experience, first as a practicing lawyer and later as a distinguished member of the federal bench, stated the rule in a case involving the sale of mortgaged property by the bankruptcy court as follows:

"I have heretofore stated, in calculating the amount due on the mortgages, that I was allowing attorneys' fees. I feel that under the authorities, the attorneys representing the various mortgagees are entitled to attorneys' fees as a part of the lien to the extent that the property will pay these fees. In other words, if the property brings an amount sufficient to pay the mortgage with principal, interest, and attorneys' fees, then these attorneys' fees should be paid as a part of the lien, regardless of whether the obligations were placed in the hands of the attorneys before or after the filing of the petition in bankruptcy. I base this conclusion on the rather recent decision of the Supreme Court in the case of Security Mortgage Company v. Powers, 278 U.S. 149, 160, 49 S.Ct. 84, 73 L.Ed. 236, 243. There the court, speaking through the late Mr. Chief Justice Taft, held that, when, under the state laws where the contract was made, attorneys' fees are allowable as a part of the debt secured by the mortgage, such fees must be allowed by the bankruptcy court whether the papers were placed with the attorneys before or after bankruptcy. In South Carolina attorneys' fees are collectable as a part of the debt secured by the mortgage and therefore Security Mortgage Company v. Powers is conclusive of this question.

"So far as attorneys' fees being a claim against the general estate as distinguished from the specific property covered by the various mortgages,

these fees are allowable as a claim only where they were placed in the hands of the attorney prior to bankruptcy."

The cases upon which appellant relies dealt with language much more restricted than that which we have here. Attorneys' fees were provided for by the instrument considered in In re Roche, 5 Cir., 101 F. 956 only upon foreclosure of the deed of trust by suit or proceedings in court; by the instrument considered in Phoenix Building & Homestead Ass'n v. E. A. Carrere's Sons, 5 Cir., 33 F.2d 563, only if it should become necessary to institute suit for the recovery of the amount of the note; by the instrument considered in In re Essential Industries Corp., 2 Cir., 150 F.2d 326, 328, 161 A.L.R. 968, only if they were a part of the cost of selling the property under the power of sale contained therein. In the case last cited the Court of Appeals of the Second Circuit pointed out that, under the law of New York, counsel fees would be allowed in the case of sale of mortgaged property by a bankruptcy court where the language of the instrument under which they were claimed was sufficiently broad to cover them, saying:

"A clause in a New York mortgage providing for the payment of the fees of an attorney representing the mortgagee in the collection, after default, of the amount secured by the mortgage is valid and enforceable. In re American Motor Products Corporation, 2 Cir., 98 F.2d 774. And this is so, when the provision is sufficiently broad, though the collection of the money is the result of a sale of the mortgaged property which the mortgagee is empowered to seize and sell, but which is actually sold not by the mortgagee but by a trustee in the bankruptcy proceedings of the mortgagor. Manufacturers' Finance Co. v. McKey, 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982; In re Kashmir Refinishing Co., 2 Cir., 94 F. 2d 652."

A full discussion of the questions here involved will be found in the cases cited in the comprehensive note in 161 A.L.R. 972–983.

Question is raised in the brief of appellant as to the amount of the fees allowed; but no evidence was offered in the court below in contravention of the affidavits filed by appellees, appellant apparently being willing to leave the matter to the judgment of the District Judge, who was thoroughly familiar with the services rendered by counsel and eminently qualified to appraise the value of such services. There is nothing in the record which would justify our modifying the allowance he has made.

For the reasons stated, the order appealed from will be affirmed.

Affirmed.