**Matter of Karl B. EBERT and Florence R. Ebert, Bankrupts.**

**Nos. 1560, 1561.**

United States District Court
D. Delaware.
April 30, 1956.

C. Waggaman Berl, Jr. (of Berl, Potter & Anderson), Wilmington, Del., for petitioner, Wilmington Trust Co.

James F. Kelleher, Wilmington, Del., for trustee in bankruptcy.

WRIGHT, District Judge.

The matter before the court is on a petition of the Wilmington Trust Company to review an order of the Referee in Bankruptcy denying the petitioner's application for payment of five percent of the amount of the principal and interest due under the provisions of a mortgage as attorney's fees.

The bankrupts filed voluntary petitions in bankruptcy on August 19, 1954. On August 23, 1954, the petitions were consolidated. Among the assets of the bankrupts was real estate encumbered by a bond and mortgage in favor of the Industrial Trust Company which has since been merged with the Wilmington Trust Company. The Wilmington Trust Company, as mortgagee, and holder of the accompanying bond, filed a proof of claim as a secured creditor. At the date of the filing of the petitions in bankruptcy the bond and mortgage were still due and unpaid, but the mortgagee had not taken any steps to enforce the bond or the mortgage. While the claim of the Wilmington Trust Company as filed and later amended made no express reference to a demand for counsel fees, the claimant seeks payment of such fees in view of the language in the mortgage. The Trustee does not dispute the allowance of attorney's fees if the language of the mortgage is broad enough to permit counsel fees under the facts and circumstances of this case. The pertinent language of the mortgage reads as follows:

"And it is hereby expressly provided and agreed, that if any action, suit, matter or proceeding be brought for the enforcement of this mortgage, and if the plaintiff or lien holder in said action, suit or proceeding shall recover judgment in any sum, such plaintiff or lien holder shall also recover as reasonable counsel fees five per centum of the amount decreed for principal and interest, which said counsel fees shall be entered, allowed and paid as a part of the decree or judgment in said action, suit or proceeding." [1]

I. The same provision appears in the body of the bond, except the word "bond" is used instead of the word "mortgage". The bond was not entered in judgment.

In addition to filing a proof of claim, it was concluded by the Referee and uncontested by the Trustee that a nonexhaustive list of activity by counsel on behalf of the mortgagee included, attending the sale of the mortgaged premises, advising the mortgagee concerning disposition of a check received from an insurance company covering storm damage to the mortgaged realty, and the filing of a memorandum with the Referee relative to the payment of interest and counsel fees on the mortgage.

The sale of the mortgaged property free and clear of liens, any liens to attach to the proceeds of the sale, was made upon motion of the Trustee and was conducted by the Trustee without any objection being filed. Sufficient funds were realized from the sale of the premises to cover the principal of the mortgage, interest thereon to date of payment, and the five percent counsel fee if properly payable.

The issue presented by the petition for review is whether under the facts and circumstances herein related, the language employed in the mortgage entitles the attorney for the mortgagee to attorney's fees as stipulated in said mortgage when funds realized through the sale of the mortgaged property in bankruptcy are sufficient to pay the principal amount of the mortgage, interest and the stipulated counsel fees.

State law controls whether the attorney's fee shall be allowed.[2] A provision in an obligation authorizing the inclusion of counsel fees is not void as against the public policy of Delaware.[3] However, there still remains the problem of whether the language in the mortgage relating to payment of attorney's fees should be construed as authorizing the payment of an attorney's fee to the mortgagee, who has taken no legal steps to enforce payment of the obligation prior to filing of a petition in bankruptcy, when the property is sold by a Trustee in Bankruptcy.

Counsel has not cited nor has the court been able to find any cases involving a mortgage containing the precise language of the mortgage here in question as it relates to the problem involved. The Superior Court of Delaware had occasion to consider the identical language in resolving the problem of whether an attorney who confessed judgment on a note, second in priority of lien, was entitled to a fee of five percent as stipulated in the note, when the execution on the judgment second in priority of lien was issued after the execution but before sale on the judgment first in priority of lien.[4] In Petitions of Warrington,[5] the Delaware Superior Court held that "delivery of an obligation to the prothonotary with an instruction to enter judgment thereon pursuant to the warrant of attorney, while not, in strictness, a suit or action, is, nevertheless, a proceeding for its enforcement; * * *."

Employing reasoning analogous to that found in Petitions of Warrington, petitioner calls special attention to the words, "action, suit, matter or proceeding" as used in the pertinent phrase of the mortgage. Recognizing that "action" is generally agreed to refer to a case at law while "suit" refers to a case in equity, and that foreclosure of a mortgage may only be accomplished under Delaware law by an action at law or a suit in equity, petitioner argues that the presence of the other words, "matter or proceeding", shows an agreement by the mortgagor to pay an attorney's fee for the mortgagee in the event of enforcement of the mortgage other than by foreclosure. To show that a bankruptcy proceeding was one of the alternative methods of enforcement of the mortgage contemplated by the parties, petitioner re-

---

2. Security Mortgage Co. v. Powers, 1928, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236; Brown v. Security Nat. Bank of Greensboro, 4 Cir., 1952, 200 F.2d 405; 3 Collier, ¶ 63.15, p. 1830 (14th Ed.).

3. 25 Del.C. § 2101; 10 Del.C. § 3912; Petitions of Warrington, 1935, 7 W.W. Harr. 19, 37 Del. 19, 179 A. 505, 506.

4. Id.

5. Id.

lies upon the word "matter" found in the pertinent phrase in the mortgage and the employment of that word in the caption of this case.[6] This argument would possibly merit consideration were it not for the fact that the applicable language of both the bond and the accompanying mortgage contemplated recovery of "judgment" or "decree". Recovery on a secured claim in bankruptcy through a sale of the mortgaged premises by the Trustee of the estate of the bankrupts does not constitute the procuring of a judgment or decree by the mortgagee within the meaning of the language employed in this mortgage.

■ Whether counsel fees are granted or denied in the case of sale of mortgaged property by a bankruptcy court depends upon the scope of the language of the instrument under which they are claimed.[7] Thus, attorney's fees have been permitted where the instrument provides petitioner may employ counsel in the event any proceeding be instituted against the debtor predicated upon his insolvency;[8] where the mortgage provided for payment of such fees if the mortgagee retains counsel for the purpose of collecting any moneys which may be due under the mortgage, or to recover the mortgaged property, or to protect his interest therein;[9] or, where the instrument provided for payment of attorney's fees if placed in the hands of an attorney for collection in any manner.[10] On the other hand, counsel fees have been disallowed where payment of the attorney's fees was predicated upon the necessity for institution of suit,[11] or where payment was to be made only if they were part of the cost of selling the property under the power of sale contained in the instrument.[12]

■ A further recital of the many cases which treat of this problem will not be helpful since each case necessarily resolves itself into a determination of whether the language in the particular instrument allows attorney's fees in the factual context in which it must be interpreted. Turning to the language of the instrument at issue it appears that the parties to the mortgage intended as prerequisites to recovery of counsel fees that the plaintiff or the lienholder institute an action, suit or proceeding and that such plaintiff or lienholder recover judgment or decree in said action, suit or proceeding. Petitioner fulfills neither of these requirements since the Trustee rather than the petitioner instituted the proceedings and since nothing akin to a judgment or decree was ever recovered. Furthermore, the entire critical language is phrased in terms of enforcement of the bond or mortgage by the lienholder. While the mortgagee was protecting its interest by filing a proof of claim, any enforcement proceedings were undertaken by the Trustee who initiated and conducted the sale of the encumbered property.

■ For these reasons, it is concluded, in the light of the language used, the parties to the instrument did not intend the payment of attorney's fees in behalf of the mortgagee in the circumstances as presented.

The petition is therefore denied.

An order in accordance herewith may be submitted.

6. The caption reads, "In the matter of Karl B. Ebert and Florence R. Ebert, Bankrupts."

7. Brown v. Security Nat. Bank of Greensboro, 4 Cir., 1952, 200 F.2d 405.

8. In re International Raw Material Corporation, 2 Cir., 1927, 22 F.2d 920.

9. In re American Motor Products Corporation, 2 Cir., 1938, 98 F.2d 774; In re Kashmir Refinishing Co., Inc., 2 Cir., 1938, 94 F.2d 652.

10. In re Mill City Plastics, D.C.Minn.1955, 129 F.Supp. 86.

11. Phoenix Building & Homestead Ass'n v. E. A. Carrere's Sons, 5 Cir., 1929, 33 F.2d 563; People's Homestead Ass'n v. Bartlette, 5 Cir., 1929, 33 F.2d 561.

12. In re Essential Industries Corp., 2 Cir., 1945, 150 F.2d 326, 161 A.L.R. 968.