Sidney J. CLARK, etc., Defendant Below, Appellant,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, a New York corporation, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Feb. 1, 1974.

Sidney J. Clark, pro se.

Robert K. Payson, of Potter Anderson & Corroon, Wilmington, for appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

PER CURIAM:

This mortgage foreclosure action and a related suit seeking the same relief have been in this Court on two prior occasions. See Clark v. Equitable Life Assurance Society of United States, Del.Supr., 281 A. 2d 488 (1971), and the Court's order of October 2, 1973 in this case.

In this action the Superior Court directed verdicts for plaintiff on both the complaint (with interest and counsel fees) and a cross complaint by defendant. Defendant makes three arguments in this appeal.

■ First, he argues that a verdict should not have been directed against him because a prior action was pending until trial had actually begun in this suit. We do not understand the legal rationale on which defendant relies but it is clear that in the prior action foreclosure was sought only on the basis of non-payment of real estate taxes, while this action is based upon non-payment of such taxes in later years and upon default in the payment of

 

principal and interest since October 1, 1968. Since these claims are not disputed (indeed during argument in this Court defendant admitted his debt to plaintiff in the amount of some $20,000), it follows that there is no merit to the contention that a judgment may not be entered because of a prior pending action.

■ Second, defendant argues that the Court committed reversible error in allowing plaintiff's claim for attorney fees. This argument is based in part upon our recent opinion in Gaster v. Coldiron, Del. Supr., 297 A.2d 384 (1972), in which we held unconstitutional a provision of 10 Del. C. § 3912 permitting an award of counsel fees to a successful plaintiff (only) in a mechanic's lien action. That case is not controlling because here the mortgage agreement between the parties specifically provides for the payment of counsel fees upon default by the borrower. Such an agreement is permissible under the statute, 10 Del.C. § 3912, and under prior decisions in this State. Petitions of Warrington, 37 Del. (7 W.W.Harr.) 19, 179 A. 505 (1935); and In re Ebert, 140 F.Supp. 597 (D.Del.1956). See also 25 Del.C. § 2101. To the extent that defendant argues that the statute violates public policy or equal protection of the law, he has made no persuasive showing for such a result.

■ Finally, defendant argues that the Court below committed reversible error in granting plaintiff a directed verdict on the cross complaint. As we understand that claim, it is based upon a contention that plaintiff had instituted the prior foreclosure action without undertaking adequate legal research to support its claim. The prior action was mistaken in several respects and was ultimately dismissed for that reason; but there is no showing whatever that it was undertaken by plaintiff on the basis of bad motive. Indeed, defendant has not even attempted to state a cause of action for malicious prosecution or abuse of process. In short, defendant

failed to support in fact or law his claim that a lost lawsuit, without more, gives rise to a cause of action.

Affirmed.