Charles R. ROCK and Joan M. Rock, Defendants below, Appellants,

v.

Clifford Stanley SHORT, Sr., and Mildred R. Short, Plaintiffs below, Appellees.

Supreme Court of Delaware.

Argued Feb. 14, 1975.

Decided March 6, 1975.

---

Harold Schmittinger and I. Barry Guerke, Schmittinger & Rodriguez, Dover, for defendants below, appellants.

James H. Hughes, III, Dover, for plaintiffs below, appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This appeal from the Superior Court puts in issue the effect of 10 Del.C. § 3912 on provisions in a bond and mortgage as-

sessing counsel fees of five percent upon judgment for the mortgagees.

### I

On December 27, 1973 the mortgagees filed a praecipe and a copy of the bond with the Prothonotary and the mortgagors were notified that judgment would be confessed against them on January 18, 1974 (under a warrant of attorney given in the bond). Four days prior to the latter date the mortgagors sold the property and on January 16, 1974 tendered the principal amount due with accrued interest.

The bond contained a provision for counsel fees, as follows:

" . . . [I]t is hereby expressly provided and agreed that if any action, suit, matter or proceeding be brought for the enforcement of this bond and if the plaintiffs or the lien holders in said action, suit or proceeding shall recover judgment in any sum, such plaintiffs or lien holders shall also recover as reasonable counsel fees five per centum of the amount decreed for principal and interest, which said counsel fees shall be entered, allowed and paid as a part of the decree or judgment in said action, suit or proceeding.".

Defendants objected to the reasonableness of a five percent fee, arguing that there had been no levy, execution or public sale; but, relying on our opinion in Clark v. Equitable Life Assurance Society, Del.Supr., 316 A.2d 554 (1974), the Court entered judgment for counsel fees at the five percent rate in the amount of $1,222.

### II

10 Del.C. § 3912 provides in pertinent part:

"In all causes of action, . . . brought for the enforcement of any note, bond, mechanics lien, mortgage, or other

instrument of writing, if the plaintiff . . . recovers judgment in any sum, he may also recover reasonable counsel fees, which shall be entered as a part of the judgment in the action, . . . . Such counsel fees shall not in any such action, . . . exceed five per cent of the amount adjudged for principal and interest. Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof . . . "

In *Clark* we held that the statute violated neither public. policy nor the Equal Protection Clause. The case did not involve any issue as to reasonableness of fees nor the proper procedure under a § 3912 agreement. In short, *Clark* does not control this action.

■ The statute permits recovery of counsel fees but, we emphasize, only those which are "reasonable." The five percent authorized by § 3912 is a maximum—not a routine amount and certainly not a minimum. When an agreement is made, obviously the extent and expense of collection efforts are unknown. The statute contemplates that the debtor may be called upon to assume such expenses—as long as they are "reasonable" and do not exceed five percent.

■ This is the construction of the statute which was stated years ago by the Superior Court in Petitions of Warrington, Del.Super., 179 A. 505 (1935) and we approve it. In *Warrington* Chief Justice Layton found that a fee of five percent specified in a judgment note was unreason-

able under the circumstances and ordered it reduced from $370 to $50. *Warrington* makes clear that mere inclusion of a specified percentage upon default in an instrument does not give creditors the license to " . . . constitute themselves the judges of the reasonableness of the counsel fee provided for in the obligation." Rather, the reasonableness of fees, when properly put in issue, is for " . . . the judgment of the court upon the facts and in the circumstances proved."* We endorse that principle and the rule of procedure stated perceptively by the Chief Justice:

> "Prima facie, the counsel fee agreed upon by the parties to an obligation will be regarded as reasonable, but subject, nevertheless, to the control of the court which, upon proper objection and showing, will permit only the payment of a reasonable sum measured by the facts and circumstances."

Compare Great American Indemnity Co. v. State, Del.Supr., 32 Del.Ch. 562, 88 A.2d 426 (1952). See also In re Ebert, D.Del., 140 F.Supp. 597 (1956).

■ This view of the statute aligns Delaware with those jurisdictions which hold that the reasonableness of a stipulated attorney's fee is a matter of affirmative defense. See Annot. 18 A.L.R.3d 733. An agreed-on fee within the statutory limit is thus presumed to be reasonable; a defendant has the burden of rebutting that presumption and is entitled to an evidentiary hearing for that purpose.

Since the mortgagors did not have a hearing, it follows that the judgment must be reversed under a mandate for further proceedings not inconsistent herewith.

---

* The Court found this to be the clear legislative purpose of Rev.Code 1915 § 4204, which is the predecessor to 10 Del.C. § 3912 and substantially identical to it.